### DURYEA v. SMITH et al.

(*Supreme Court, General Term, Second Department.*	December 14, 1891.)

**1. HIGHWAYS—TRESPASS BY ROAD OFFICERS.**

The commissioner of highways has no right by virtue of his office to take materials from the adjoining lands to repair the road without the consent of the landowner.

**2. TRESPASS—REVOCATION OF LICENSE.**

Plaintiff, who owned land adjoining a highway, on being requested by defendants, highway commissioners, to sell gravel therefrom for repair of the road, referred them to W., to whom plaintiff had agreed to sell the land, and W. agreed to let defendants have the gravel at a certain price. W. having failed to complete his purchase, plaintiff, before any gravel was taken from the premises, notified defendants that W.'s interest in the land had ceased, and forbade defendants from entering thereon. *Held* a revocation of the license by W., and an entry thereafter by defendants was a trespass.

Appeal from circuit court, Queens county.

Action by Nelson H. Duryea against Tredwell D. Smith and others for an alleged trespass. Defendants appeal from a judgment entered upon a verdict for plaintiff. Affirmed.

Argued before BARNARD, P. J., and PRATT, J.

*James S. Allen,* for appellants. *J. Seymour Snedeker* and *Benjamin W. Downing,* for respondent.

BARNARD, P. J. The office of commissioner of highways does not protect the officer who commits a trespass. The defendants, therefore, had no right to enter upon private lands, and take gravel therefrom, without the owner's consent, to repair the road. The proof established that there was a public highway called "Jerusalem Avenue" in Queens county. It is now a road of the width of three rods. The plaintiff's claim is that the commissioners took gravel from his lands. He owns both sides of the highway at the point of the alleged taking. The court charged the jury that the taking of gravel within the bounds of the highway for the purpose of repairing the road in other places was justified by these officers as commissioners of highways. *Higgins* v. *Reynolds,* 31 N. Y. 151. The proof established that the defendants took gravel from the plaintiff's premises adjacent to the road. That the plaintiff had agreed to sell this land to one Wright. That the plaintiff referred the defendants to Wright, to buy this gravel of him. Wright agreed to let the defendants have the gravel for 10 cents a load. Wright failed to complete the purchase, and the plaintiff, before any sand was taken from the premises under the arrangement with Wright, forbade the entry of the defendants upon his lands. The agreement with Wright was a mere license to enter and take sand at a certain price, which would only be operative after it was executed. The notice by the owner that Wright had ceased to have any interest in the land, and that the defendants must not trespass thereon, revoked any right to take the sand under the Wright license. *Wiseman* v. *Lucksinger,* 84 N. Y. 31. The throwing down the fence along the highway was a trespass if the entry was a trespass. The jury have found this fact, and the cost of the repair of the fence must follow the right to recover for the sand. The judgment should therefore be affirmed, with costs.